UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
DONALD E. STUBBS,

                      Plaintiff,

          -against-

RICHARD de SIMONE; ANDREW BILINSKI;
WESTCHESTER COUNTY CLERK, each
individually and in official capacity,

                     Defendants.
------------------------------------------------------------x

04 Civ. 5755 (RJH)(GWG)

**MEMORANDUM**
**OPINION AND ORDER**

       On May 9, 2005, Magistrate Judge Gabriel W. Gorenstein issued a Report and Recommendation ("Report") recommending that the Court grant the defendant Richard de Simone's motion to dismiss plaintiff Donald Stubbs' *pro se* amended complaint. Plaintiff, currently incarcerated in Green Haven Correctional Facility, brings his amended complaint under 42 U.S.C. § 1983, alleging that his constitutional rights were violated in that his sentence was not correctly calculated by defendant de Simone, and that defendants Bilinski and the Westchester County Clerk interfered with his efforts to bring an Article 78 proceeding and otherwise appeal his sentence calculation.

       Judge Gorenstein concluded that each of the claims asserted against Bilinski and the Westchester County Clerk failed as a matter of law. (Report, pp. 20-26.) With respect to the claims asserted against de Simone, Judge Gorenstein found that they were barred by the doctrine of collateral estoppel as the claims had all been denied in July 2001 by New York Supreme Court Judge Elaine Slobod of the Orange County Supreme Court in a prior action (the "Orange

County Action"). (Report, pp. 5-6, 26-29.) The plaintiff submitted a letter dated June 9, 2005, objecting to certain portions of the Report and seeking an opportunity for discovery. (Plaintiff's Objection to Report, pp. 1-6 ("Obj.").)

The district court adopts a magistrate judge's report and recommendation when no clear error appears on the face of the record. *See Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). However, the court is required to make a *de novo* determination of those portions of a report to which objection is made, 28 U.S.C. § 636(b)(1)(C), by reviewing "the Report, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Badhan v. Lab. Corp. of Am.*, 234 F. Supp. 2d 313, 316 (S.D.N.Y. 2002). The court may then accept, reject, or modify in whole or in part recommendations of the magistrate judge. *See Nelson*, 618 F. Supp. at 1189. If the party "makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Sanchez v. Dankert*, 2004 WL 439502, at *1 (S.D.N.Y. March 9, 2004); *accord Johnson v. City Univ. of New York*, 2003 WL 21435469, at *1 (S.D.N.Y. June 19, 2003); *Greene v. WCI Holdings Corp.*, 956 F. Supp. 509, 513 (S.D.N.Y. 1997). On the other hand, where objections to a report are "specific and . . . address only those portions of the proposed findings to which the party objects, district courts should conduct a *de novo* review of the issues raised by the objections." *Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 381-82 (W.D.N.Y. 1992).

Some of plaintiff's objections here are sufficiently specific so as to require *de novo* review of the issues associated with said objections; others, being general, duplicative and conclusory, do not require a departure from the "clear error" standard. The Court addresses the objections in the order in which plaintiff presents them and notes those objections that, due to

their general or conclusory nature, do not demand a *de novo* review of the issue raised. As no objection ultimately impeaches the conclusions drawn by Judge Gorenstein, the Court adopts the thoughtful Report and orders the dismissal of the plaintiff's complaint.

The Report extensively outlines the procedural history and facts of the case, which, with limited exception, are not in dispute. (Report, pp. 1-30.) Accordingly, and consistent with the Federal Magistrates Act's aim of promoting the efficiency of the judiciary (28 U.S.C. §§ 631 *et seq*.), the Court will assume familiarity with the Report rather than compose what would be a largely redundant background section. The Report is attached in its entirety at the end of this opinion.

**Objections 1(a)-(c)**

Plaintiff first takes issue with Judge Gorenstein's failure to "construe the claims set forth in the amended complaint in a liberal manner," to "make any reasonable inferences in favor of the plaintiff," and to "properly interpret the claims set forth in the amended complaint to raise the strongest arguments that they suggest." (Obj., pp. 1-2.) The plaintiff then reiterates the purported violations of his constitutional rights to due process, equal protection, and access to the courts, tacking each to the aforementioned broad-stroke objections. (Obj., p. 2.) These general objections are "merely perfunctory responses," presented in a manner that would "engage the district court in a rehashing of the same arguments set forth in the original petition," and would produce a reduction of "the magistrate's work to something akin to a meaningless dress rehearsal." *See Vega v. Artuz*, 2002 WL 31174466, at *1 (S.D.N.Y. 2002). They alone do not supply issues worthy of departure from clear error review. The court finds no clear error.

**Objection 1(d)**

Plaintiff asserts that the "findings and conclusions reached by the U.S. Magistrate were drawn from a foreign court, [sic] that has no direct bearing in [sic] Plaintiff's amended complaint, or the claims set forth therein." (Obj., p. 2.) The aim of the objection is unclear. As plaintiff is proceeding *pro se*, however, the Court is careful to fulfill the obligation "to construe his pleadings liberally, particularly when they allege civil rights violations." *Hemphill v. New York*, 380 F.3d 680, 687 (2d Cir. 2004). Plaintiff likely means to argue that the case law and authority cited by Judge Gorenstein is inapplicable—or irrelevant—with respect to the validity of plaintiff's claim. Such an objection is meritless. Judge Gorenstein included case law issued by the United States Supreme Court, the Second Circuit, the Fifth Circuit, the Seventh Circuit, assorted federal district courts, and New York state courts. (Report, pp. 1-30.) Each cited case brings with it either persuasive or binding authority, bolstering the conclusions drawn by the magistrate judge or circumscribing the conclusions he may reach. As all cases mentioned by Judge Gorenstein are germane and strengthen his recommendations, the Court holds that they indeed have a direct bearing on the claims presented in plaintiff's amended complaint.

**Objection 1(e)**

Plaintiff objects to Judge Gorenstein's "ma[king]" his "findings and conclusions from the 'original complaint' dated February 27, 2004, and not from the amended complaint dated November 22, 2004, which completely replaced the original complaint." (Obj., p. 2.) He directs the Court's attention to the eighth page of the Report for evidence of the magistrate judge's supposed misuse. The Report does indeed reference the original complaint, though the reference is not objectionable. (Report, p. 8.) Judge Gorenstein is simply engaged in recounting the case's

procedural history when he makes the citation; he references the original complaint because Section (I)(B) of the Report addresses Chief Judge Mukasey's Order, an order that grounded its conclusions in the assertions drawn from the original complaint, not the amended complaint. (*Id*.)

**Objection 1(f)**

Plaintiff challenges the "judicial authority" of the "U.S. Magistrate . . . to make a determination of plaintiff's amended complaint on the merits, without affording [p]laintiff an opportunity for 'discovery.'" (Obj., p. 2.) As an initial matter, plaintiff appears to misconceive the role of the magistrate judge. A district court judge may designate a magistrate judge to submit to the court a proposed recommendation as to the disposition of certain motions, including those brought under Rule 12(b)(6). *See* 28 U.S.C. § 636(b)(1). To the extent that plaintiff objects to the magistrate judge's recommendation because it was made prior to the initiation of discovery, the objection is without merit. A party has no right to discovery with respect to legally insufficient claims. *Wearing v. Coughlin*, 1992 WL 58861, at *4 (S.D.N.Y. 1992).

**Objection 1(g)**

Plaintiff concludes the first section of objections by taking issue with Judge Gorenstein's failure to note the plaintiff's "personal stake" in the outcome of the federal action. (Obj., p. 2.) Plaintiff's personal interest in the action is presumed and, in any event, is not a fact that is legally relevant to determination of defendant's motion to dismiss.

**Objection 2**

Plaintiff contends that "the U.S. Magistrate's findings of 'issue preclusion,' based on collateral estoppel must be rejected. There is no mention whatsoever of [the Orange County Action] in the claims presented in the amended complaint . . . and the whole of the Report and Recommendation is entirely based upon what occurred in the Orange County matter." (*Id.*) Though the claims included in the amended complaint may be devoid of references to the Orange County Action, the content and procedural history are indeed pertinent to Judge Gorenstein's finding of collateral estoppel. The magistrate judge carefully examined the question of issue preclusion, finding that the claims made by plaintiff against de Simone in the amended complaint were actually and necessarily decided in the prior action and that he had a full and fair opportunity to litigate the issues raised in that action. (Report, pp. 26-29.) Plaintiff's amended complaint may supplant the original complaint, but it does not delete the procedural history of the case, which was properly considered in deciding the instant motion. *See Chambers*, 282 F.3d at 153; *see also Faulkner*, 156 F. Supp. 2d at 391.

**Objection 3**

Plaintiff's conclusory objection that he "was not afforded a full and fair opportunity to litigate the state procedures that were used to deny Plaintiff's due process rights" (Obj., p. 4) is rejected for the reasons stated above and in the accompanying Report.

**Objection 4**

Plaintiff objects to Judge Gorenstein's observation that "Stubbs's claim in this Court might be construed to seek at least in part a ruling that would demonstrate the invalidity of the

duration of his confinement." (Report, p. 20.) Plaintiff argues that "[t]here is nothing whatsoever in the claims set forth in the amended complaint that would suggest that Plaintiff Stubbs is seeking in part or otherwise, a ruling that would demonstrate the invalidity of the duration of his confinement." (Obj., p. 4.) Judge Gorenstein's reading of the amended complaint has stronger textual support: the amended complaint "respectfully request [sic] this Court to examine the Defendant's sentence calculations of Plaintiff's indeterminate sentence terms in the interest of justice, and order the Defendant to re-calculate Plaintiff's sentence terms in accordance with appropriate state statutes." (Amended Complaint, p. 16.) One *could* construe a request for a sentence recalculation as a request for a ruling "that would demonstrate the invalidity of the duration of his confinement." (Report, p. 20.) In any event, plaintiff's objection is of no consequence as the magistrate judge explicitly declined to base his recommendation on this issue. (*Id.*)

**Objection 5**

The plaintiff objects to the magistrate judge's "finding that Defendants are properly protected from any liabilities under the 'doctrine of qualified judicial immunity,' as Chief Judge Michael B. Mukasey had initially determined." (Obj., p. 4.) Judge Gorenstein, however, did not make his recommendation that the claims against Bilinski and the Westchester County Clerk be denied on the basis that they were barred by immunity. Instead, while noting that the defendants might not be immune to claims for injunctive relief, Judge Gorenstein nevertheless concluded, properly, that plaintiff's §1983 claims against these two individuals failed on the merits. (Report, pp. 21-26.)

**Objection 6**

Finally, plaintiff objects to the fact that Judge Gorenstein did not find that the problems with his complaint could have been resolved by repleading. (Obj., p. 5.) Judge Gorenstein correctly noted the less stringent standards applicable to the interpretation of *pro se* pleadings Report, p. 16), and his review considered the merits of plaintiff's claims and interpreted his pleadings "to raise the strongest arguments" that they suggested. *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996). Although leave to amend is to be granted "freely ... when justice so requires, Fed.R.Civ.P. 15(a), the denial of leave to amend does not constitute an abuse of discretion when granting leave would be unproductive or futile or where [amendment] would be meritless." *Hafez v. Avis Rent A Car System, Inc.*, 2000 WL 1775508, at 2 (2d Cir. 2000).

**Conclusion**

For the foregoing reasons, as well as for the reasons stated in the Report (attached *infra*), the Court hereby adopts the Report, and the Motion to Dismiss [12, 21] is hereby granted. The Clerk shall close this case.

SO ORDERED.

Dated: New York, New York
September 30, 2005

Richard J. Holwell
United States District Judge

8